STATE OF CONNECTICUT *v.* ANTONE ANGELO
(9813)

FOTI, LANDAU and HEIMAN, Js.

Argued April 22—decision released July 9, 1991

*Susan C. Marks,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *R. Patrick McGinley,* assistant state's attorney, for the appellant (state).

*Mark D. Malley,* with whom were *Wesley W. Horton* and, on the brief, *Richard D. Gilland,* for the appellee (defendant).

HEIMAN, J. The state appeals[1] from the judgment dismissing the criminal charges against the defendant after a successful completion of a period of accelerated rehabilitation.[2] The state claims that the trial court

---

[1] General Statutes § 54-96 provides: "Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate court, in the same manner and to the same effect as if made by the accused."

[2] General Statutes § 54-56e provides in pertinent part: "There shall be a pretrial program for accelerated rehabilitation of persons accused of a crime or a motor vehicle violation for which a sentence to a term of imprisonment may be imposed, which crime or violation is not of a serious nature. The court may, in its discretion, invoke such program on motion of the defendant or on motion of a state's attorney or prosecuting attorney with respect to an accused who, the court believes, will probably not offend in the future and who has no previous record of conviction of a crime or of a violation of section 14-196, subsection (c) of section 14-215, section 14-222a, subsection (a) of section 14-224 or section 14-227a and who states under oath in open court under the penalties of perjury that he has never had such program invoked in his behalf, provided the defendant shall agree thereto and provided notice has been given by the accused, on a form approved by rule of court, to the victim or victims of such crime or motor vehicle violation, if any, by registered or certified mail and such victim or victims have an opportunity to be heard thereon. . . . Unless good cause

abused its discretion in granting accelerated rehabilitation to this defendant (1) because he was charged with more than one crime and (2) because the offenses were serious in nature. The defendant asserts that because the state failed to appeal at the time of the granting of the application for accelerated rehabilitation we lack subject matter jurisdiction. We disagree with the defendant's claim of lack of subject matter jurisdiction and agree with the state's position that the defendant was charged with more than "a crime." Accordingly, we reverse the judgment of the trial court.

The facts necessary to a resolution of this appeal may be briefly summarized as follows. The defendant was charged with crimes against three different minor victims in a single information supplemented by a bill of particulars containing six counts. In the first count, he was charged with a violation of General Statutes § 53-21,[3] risk of injury to a child, and in the second

---

is shown, this section shall not be applicable to persons accused of a class A, class B, or class C felony or to any youth who has previously been adjudged a youthful offender under the provisions of sections 54-76b to 54-76n, inclusive. . . . Any defendant who enters such program shall agree to the tolling of any statute of limitations with respect to such crime and to a waiver of his right to a speedy trial. Any such defendant shall appear in court and shall be released to the custody of the office of adult probation for such period, not exceeding two years, and under such conditions as the court shall order. . . . If such defendant satisfactorily completes his period of probation, he may apply for dismissal of the charges against him and the court, on finding such satisfactory completion, shall dismiss such charges. If the defendant does not apply for dismissal of the charges against him after satisfactorily completing his period of probation, the court, upon receipt of a report submitted by the office of adult probation that the defendant satisfactorily completed his period of probation, may on its own motion make a finding of such satisfactory completion and dismiss such charges. Upon dismissal, all records of such charges shall be erased pursuant to section 54-142a. An order of the court denying a motion to dismiss the charges against a defendant who has completed his period of probation or terminating the participation of a defendant in such program shall be a final judgment for purposes of appeal."

[3] General Statutes § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed

count with a violation of General Statutes § 53a-71 (a) (1),[4] sexual assault in the second degree. Both counts one and two relate to allegations involving the defendant's alleged actions against the first juvenile victim. Counts three and four charge the defendant with the same crimes as counts one and two, but relate to his claimed involvement with a second juvenile victim. Counts five and six charge the defendant with risk of injury to a child and sexual assault in the second degree, in violation of General Statutes § 53a-71 (a) (4),[5] against a third juvenile victim. Thus, although the defendant is charged with three counts of risk of injury to a child and three counts of sexual assault in the second degree, each pair of charges relates to a different victim.

On July 19, 1988, an application for accelerated rehabilitation made pursuant to General Statutes § 54-56e was denied by the trial court. A new application for accelerated rehabilitation was filed and was granted by the trial court on November 22, 1988. On November 20, 1990, the trial court was advised that the defendant had satisfactorily completed his period of probation and the trial court accordingly dismissed the case. This appeal then followed with the permission of the trial court.

---

in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[4] General Statutes § 53a-71 provides in pertinent part: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under sixteen years of age . . . ."

[5] General Statutes § 53a-71 provides in pertinent part: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is . . . (4) less than eighteen years old and the actor is such person's guardian or otherwise responsible for the general supervision of such person's welfare . . . ."

I

As a preliminary matter, the defendant asserts that this court lacks subject matter jurisdiction. He posits that the decision of the trial court granting the defendant's application for accelerated rehabilitation was a final judgment from which an appeal should have been taken, and, as a consequence, the state's appeal is untimely. We disagree.

Interlocutory orders and rulings of the Superior Court may be final judgments for purposes of appeal in two circumstances: "(1) [W]here the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983).

"The second test for finality, where the order on appeal so concludes the rights of the parties that further proceedings cannot affect them, focuses not on the proceeding involved, but on the potential harm to the appellant's rights. A presentence order will be deemed final for purposes of appeal 'only if it involves a claimed right "the legal and practical value of which would be destroyed if it were not vindicated before trial." ' " Id., 33–34. The granting of a motion for accelerated rehabilitation satisfies neither prong of *Curcio.*

Clearly, an application for accelerated rehabilitation is not a separate and distinct proceeding. See *State* v. *Spendolini,* 189 Conn. 92, 95, 454 A.2d 720 (1983). General Statutes § 54-56e has been described as having as its main thrust suspension of prosecution, and such motions, like motions to stay proceedings, are interlocutory in character and are not appealable whether granted or denied. *State* v. *Spendolini,* supra, 96 (hold-

ing that the denial of an application for accelerated rehabilitation is not a final judgment for purposes of appeal); see also *State* v. *Parker,* 194 Conn. 650, 485 A.2d 139 (1984); compare General Statutes § 54-56e (permitting an appeal from an order denying the defendant's motion to dismiss after completion of the program).

We conclude that the right of the state to appeal did not ripen until the dismissal of the charges and that we do have subject matter jurisdiction. See *State* v. *Southard,* 191 Conn. 506, 512, 467 A.2d 920 (1983).

## II

The state asserts that the trial court improperly granted the defendant's motion for accelerated rehabilitation because (1) the defendant was charged with the commission of a number of crimes alleged to have been committed against three separate victims, and (2) the crimes charged were of a serious nature. We agree with the state that the trial court improperly concluded that these charges constituted "a crime" within the meaning of General Statutes § 54-56e, and thus acted improvidently in granting the defendant's application for accelerated rehabilitation.

The granting or denial of an application for accelerated rehabilitation implicates the exercise of discretion by the trial court. *State* v. *Satti,* 2 Conn. App. 219, 224, 477 A.2d 144 (1984). The exercise of legal discretion imparts something more than the granting to the trial court of the right to have leeway in decision making. *State* v. *Onofrio,* 179 Conn. 23, 29, 425 A.2d 560 (1979). Rather, the exercise of legal discretion requires that it be exercised " ' " 'in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' " ' " *State* v. *Corchado,* 200 Conn. 453, 464, 512 A.2d 183 (1986).

Our review of the trial court's exercise of its discretion is limited to the questions of whether the court correctly applied the law and whether it could reasonably conclude as it did. See *Timm* v. *Timm,* 195 Conn. 202, 210, 487 A.2d 191 (1985). It is only where an abuse of discretion is manifest or where an injustice appears to have been done that a reversal will result from the trial court's exercise of discretion. *Russell* v. *Dean Witter Reynolds, Inc.,* 200 Conn. 172, 192, 510 A.2d 972 (1986); *State* v. *Devanney,* 12 Conn. App. 288, 292, 530 A.2d 650 (1987). Every reasonable presumption will be given in favor of the trial court's ruling. *State* v. *Rodriguez,* 10 Conn. App. 176, 179, 522 A.2d 299 (1987).

The trial court abused its discretion in granting the defendant's application for accelerated rehabilitation. Obviously, the term "abuse of discretion" does not imply a bad motive or wrong purpose but simply means that the ruling made by the trial court appears to us to have been made on untenable legal grounds. *State* v. *Schroff,* 198 Conn. 405, 413, 503 A.2d 167 (1986).

As we have previously noted, General Statutes § 54-56e provides for a pretrial program for accelerated rehabilitation "of persons accused of a crime." The phrase, "a crime," "means a single criminal act or transaction, out of which one or more criminal charges might arise." *State* v. *Tyler,* 6 Conn. App. 505, 510, 506 A.2d 562 (1986). In the context of the accelerated rehabilitation statute, the question of whether multiple charges describe "a crime" must begin with an analysis of the facts and circumstances underlying the charges against the defendant. Id. The criteria to determine whether multiple charges constitute "a crime" is whether the charges arose out of the same act or transaction. Id.

Here, the defendant was charged in the information as supplemented by the bill of particulars with three

counts of sexual assault in the second degree, each such count involving a different victim. In two of the sexual assault counts, the state claims that the defendant engaged in sexual intercourse with each victim while each of the victims was under the age of fifteen years. In the third sexual assault count, the state claims that the defendant engaged in sexual intercourse with a person who was less than eighteen years of age and that the defendant, at the time of the offense, was such child's guardian or was otherwise responsible for the general supervision of said child's welfare. In addition, each of the three counts charging risk of injury alleges a different victim.

The charges involve three separate victims of separate crimes without any temporal continuity or clear connection among them other than each separate sexual assault or risk of injury alleged involved claims of sexual misconduct with the victims. Multiple acts of sexual assault, even against the same victim, constitute separate crimes for each such act. *State* v. *Frazier*, 185 Conn. 211, 229, 440 A.2d 916 (1981), cert. denied, 458 U.S. 1112, 102 S. Ct. 3496, 73 L. Ed. 2d 1375 (1982). Each assault against each victim constituted a discrete offense, separately punishable under our law. The same rationale applies with equal force to the crime of risk of injury, that is, each claim of risk of injury against each victim constituted a separate and distinct crime. *State* v. *Snook*, 210 Conn. 244, 261–62, 555 A.2d 390, cert. denied, 492 U.S. 924, 109 S. Ct. 3258, 106 L. Ed. 2d 603 (1989).

" 'A fundamental purpose of the criminal law is to protect individual citizens from the criminal conduct of another. People are neither fungible nor amorphous. Where crimes against persons are involved, a separate interest of society has been invaded for each violation. . . .' " *State* v. *Madera*, 198 Conn. 92, 110, 503

A.2d 136 (1985); *State* v. *Couture,* 194 Conn. 530, 565–66, 482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985).

We conclude that, because there is neither a temporal continuity nor a clear connection among the acts claimed to have been committed, and, because each such claimed act of misconduct against each victim constitutes a separate crime, the defendant was charged with more than one single criminal act or transaction as defined by *State* v. *Tyler,* supra. Thus, the defendant was ineligible for the accelerated rehabilitation program. The trial court, therefore, abused its discretion by granting the defendant's application.

Because of our resolution of the multiple crimes issue, we need not address the state's claim that the crimes charged are crimes of a serious nature under the accelerated rehabilitation statute.

The judgment dismissing the information is set aside and the case is remanded for further proceedings in accordance with the law.

In this opinion the other judges concurred.