### STATE OF CONNECTICUT v. RICKY L. NERON (12312)

O'CONNELL, LANDAU and SPEAR, Js.

Argued June 13—decision released July 26, 1994

---

[3] The defendant's expenses were $455 in 1980 and are now $711.

*Ricky L. Neron,* pro se, the appellant (defendant).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, was *Patricia A. Swords,* state's attorney, *Nina Rosen,* supervisory assistant state's attorney, and *Matthew Gedansky* and *Sandra Tulluis,* assistant state's attorneys, for the appellee (state).

PER CURIAM. The defendant appeals from the decision of the trial court denying his motion to open[1] the trial court's granting of his application for accelerated rehabilitation. The state asserts that this court lacks subject matter jurisdiction. It posits that the decision of the trial court denying the defendant's motion to vacate its previous granting of the defendant's application for accelerated rehabilitation is not a final judgment from which an appeal should have been taken. We agree.

---

[1] The defendant moved the court "to reopen judgment for the purpose of dismissal." "Although the nomenclature is found in the title to General Statutes § 52-212 and in some decisions of our courts; see, e.g., *Bartlett* v. *Bartlett,* 220 Conn. 372, 599 A.2d 14 (1991); *Sasso* v. *Aleshin,* 197 Conn. 87, 495 A.2d 1066 (1985); *D'Occhio* v. *Connecticut Real Estate Commission,* 189 Conn. 162, 455 A.2d 833 (1983); *Northest Savings, F.A.* v. *Hopkins,* 22 Conn. App. 396, 578 A.2d 136 (1990); *Kavareo* v. *T.J.E., Inc.,* 2 Conn. App. 294, 478 A.2d 257 (1984); unless the judgment has been opened previously, the appropriate appellation is a motion to open. 'Reopen' is defined in Webster's Third New World Dictionary as 'to open again' or 'to take up again.' . . . Thus, we will treat the motion as a motion to open." *National Iron Bank* v. *Gelormino,* 28 Conn. App. 7, 8 n.1, 609 A.2d 666 (1992).

The defendant's appeal form indicates that he is appealing from the trial court's accelerated rehabilitation decision. The date of the judgment appealed from, however, is March 3, 1993, the date of the trial court's denial of the defendant's motion to open. We will treat this appeal as an appeal from the denial of the defendant's motion to open.

"Interlocutory orders and rulings of the Superior Court may be final judgments for purposes of appeal in two circumstances: (1) [W]here the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them. *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983).

"The second test for finality, where the order on appeal so concludes the rights of the parties that further proceedings cannot affect them, focuses not on the proceeding involved, but on the potential harm to the appellant's rights. A presentence order will be deemed final for purposes of appeal only if it involves a claimed right the legal and practical value of which would be destroyed if it were not vindicated before trial. Id., 33–34. The granting of a motion for accelerated rehabilitation satisfies neither prong of *Curcio.*

"Clearly, an application for accelerated rehabilitation is not a separate and distinct proceeding. See *State* v. *Spendolini,* 189 Conn. 92, 95, 454 A.2d 720 (1983)." (Internal quotation marks omitted.) *State* v. *Angelo,* 25 Conn. App. 235, 239, 594 A.2d 24, cert. denied, 220 Conn. 911, 597 A.2d 335 (1991).

Similarly, a motion filed by the defendant to vacate the trial court's granting of his previous application for accelerated rehabilitation[2] does not meet the test of *Curcio.* See *State* v. *Southard,* 191 Conn. 506, 512, 467 A.2d 920 (1983); *State* v. *Spendolini,* supra, 189 Conn. 95; *State* v. *Angelo,* supra, 25 Conn. App. 239.

The appeal is dismissed.

---

[2] At oral argument, the defendant maintained that he did not reapply for accelerated rehabilitation on September 15, 1992. A reading of the transcript indicates otherwise.