STATE OF CONNECTICUT *v.* WILLIAM O'CONNELL
(13680)

DUPONT, C. J., and O'CONNELL, FOTI, LAVERY, SCHALLER, SPEAR
and HENNESSY, Js.

Considered September 15—decision released October 4, 1994

*Michael J. Weber, Jr.,* supervisory assistant state's attorney, in support of the motion.

*William O'Connell,* pro se, in opposition to the motion.

PER CURIAM. The defendant appeals from the order of the trial court ordering him to submit to an examination to determine his competency to stand trial pursuant to General Statutes § 54-56d (c).[1] The state asserts in its motion to dismiss the appeal that this court lacks subject matter jurisdiction because the order from which the defendant appeals is not a final judgment for purposes of appeal. We agree.

The defendant was arrested on February 26, 1994, and charged with breach of the peace in violation of General Statutes § 53a-181. He was granted accelerated rehabilitation but, on May 6, 1994, the trial court terminated it and ordered him, pursuant to § 54-56d (c), to submit to an examination to determine his competency to stand trial. The defendant has appealed from the court's ruling ordering him to submit to an examination.[2]

Absent a final judgment, we cannot reach the merits of the appeal. General Statutes § 52-263; Practice Book § 4000; *Smith* v. *Otis Elevator Co.,* 33 Conn. App. 99,

---

[1] General Statutes § 54-56d (c) provides: "If at any time during a criminal proceeding it appears that the defendant is not competent, counsel for the defendant or for the state, or the court, on its own motion, may request an examination to determine the defendant's competency."

[2] The defendant has not attempted to appeal from the order terminating his participation in the accelerated rehabilitation program. This is proper because such an order is not an appealable final judgment. *State* v. *Parker,* 194 Conn. 650, 659 n.8, 485 A.2d 139 (1984).

102, 633 A.2d 731 (1993). An interlocutory order is a final judgment for purposes of appeal " '(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them.' " *Ackerson* v. *Stramaglia,* 225 Conn. 102, 104, 621 A.2d 1315 (1993), quoting *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983). Because the order requiring the defendant to submit to an examination is an integral part of the criminal proceeding against the defendant, the final judgment issue in this case implicates only the second prong of the *Curcio* test.

The issue of whether the order so concludes the rights of the parties that further proceedings cannot affect them focuses on the potential harm to the appellant's rights. "A presentence order will be deemed final for purposes of appeal only if it involves a claimed right the legal and practical value of which would be destroyed if it were not vindicated before trial." *State* v. *Neron,* 35 Conn. App. 236, 238, 644 A.2d 970 (1994), citing *State* v. *Curcio,* supra, 191 Conn. 33–34. "One must make at least a colorable claim that some recognized statutory or constitutional right is at risk." *State* v. *Curcio,* supra, 34.

The defendant does not assert that a particular claimed right is at risk in this proceeding, nor can we identify any such right. The purpose of the examination that the defendant opposes is to determine whether he is capable of understanding the proceedings against him and assisting in his own defense. See General Statutes § 54-56d (a). The examination is for the defendant's own benefit and there is no claimed right in this case that would be destroyed if not vindicated before trial. In fact, if he is found incompetent to stand trial under the statute, there will be no trial.

The trial court's order requiring the defendant to submit to an examination under General Statutes § 54-56d (c) satisfies neither prong of the *Curcio* test.

The appeal is dismissed.