AIU INSURANCE COMPANY *v.* DANIEL BROWN ET AL.
(14590)

Dupont, C. J., and Foti and Spear, Js.

Argued March 22—officially released July 30, 1996

*Jack G. Steigelfest*, for the appellant (National Grange Mutual Insurance Company).

*Andrew W. Skolnick*, with whom, on the brief, was *John J. Sheedy*, for the appellee (plaintiff).

DUPONT, C. J. This is an appeal from the trial court's denial of the motion filed by National Grange Mutual Insurance Company (Grange) to intervene in a declaratory judgment action brought by the plaintiff, AIU Insurance Company (AIU). The question to be resolved in the declaratory judgment action is whether AIU has a duty to indemnify or defend the defendant Daniel Brown under the automobile liability insurance policy that AIU issued to his father, the defendant Richard Brown, with respect to the claim submitted by the defendant Lorraine Merola.[1] Grange claims that it has a right to intervene under Practice Book §§ 99 and 390 and General Statutes §§ 52-29 and 52-102 or a permissive right to intervene, and that the trial court improperly denied its motion to intervene.[2] AIU claims that the trial court acted properly. We agree with Grange and reverse the judgment of the trial court.

[1] The defendants in the declaratory judgment action are Richard Brown, Daniel Brown, Arnold Hubelbank and Lorraine Merola. Daniel Brown is the son of Richard Brown and the grandson of Arnold Hubelbank.

[2] Subsequent to filing its appeal, Grange filed a "motion for order dismissing action" seeking this court to render "an order remanding this action to the trial court with direction to dismiss the action based on the existence of a more comprehensive case currently pending in the Superior Court that renders this action wholly duplicative and unnecessary." We denied that motion.

In its amended complaint, AIU makes the allegations that follow. AIU issued an automobile liability insurance policy to Richard Brown. The policy was in effect on February 7, 1993, when Daniel Brown, while operating an automobile owned by Arnold Hubelbank, was involved in a collision with an automobile owned and operated by Merola. The automobile that Daniel Brown was operating at the time of the collision was not a family car maintained by Richard Brown for use by members of his family, such as Daniel Brown, his son. As a result of the accident, Merola filed an action seeking compensation for injuries and damages that she claims to have sustained as a result of the accident. At the time of the accident, Daniel Brown was operating Hubelbank's automobile without a reasonable belief that he was entitled to do so. AIU, in its capacity as Richard Brown's insurer, seeks declaratory relief because it has a legal interest, by reason of danger of loss or uncertainty as to its legal or contractual obligations pursuant to its automobile liability insurance policy issued to Richard Brown. Lastly, the complaint states that AIU is specifically seeking relief in the form of a declaration that it is not legally or contractually obligated to indemnify or defend Daniel Brown pursuant to its policy issued to Richard Brown as a result of the injuries allegedly sustained by Merola.

Grange moved to intervene as a party defendant because of its claimed interest in the outcome of this declaratory judgment action. Grange was the uninsured motorist carrier of Merola at the time of the accident. Grange is also a party defendant in the personal injury action brought by Merola against (1) Grange, her own insurer, (2) the driver of the automobile, Daniel Brown, (3) the owner of the automobile, the driver's grandfather, Hubelbank, and (4) the driver's father, Richard Brown. Grange is the only defendant in the suit brought by Merola who was not made a party defendant by the plaintiff in this declaratory judgment action.

AIU opposed Grange's motion to intervene on the ground that Grange did not have a direct interest in the subject matter of the declaratory judgment action. The trial court heard oral argument on the motion to intervene and denied that motion in open court.[3] After the court denied the motion to intervene and a motion for reconsideration of that denial, AIU and Richard Brown and Daniel Brown filed a stipulation in the trial court providing that AIU was not legally obligated to defend or indemnify Daniel Brown with respect to Merola's claim.

In order to reach the merits of this case, we must first address the jurisdictional issues presented by this appeal. A possible absence of subject matter jurisdiction must be addressed and decided before reaching the merits. See *Sadloski* v. *Manchester*, 228 Conn. 79, 84, 634 A.2d 888 (1993). "Absent a final judgment, we cannot reach the merits of the appeal." *State* v. *O'Connell*, 36 Conn. App. 135, 136, 648 A.2d 168, cert. denied, 231 Conn. 943, 653 A.2d 824 (1994). Accordingly, we first determine whether the trial court's denial of Grange's motion to intervene is a final judgment from which an appeal may be taken.

The plaintiff asserts that Grange has failed to make a colorable claim to intervention as a matter of right and, therefore, the denial of its motion to intervene is not a final judgment for purposes of appeal. Grange claims that it has a colorable claim to intervention as a matter of right based on the provisions of General Statutes § 52-29[4] and Practice Book § 390.[5] We agree

---

[3] A transcript of the hearing on the motion to intervene, including the court's reasons for denying the motion to intervene, was filed in this court.

[4] General Statutes § 52-29 provides: "(a) The superior court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment.

"(b) The judges of the superior court may make such orders and rules as they may deem necessary or advisable to carry into effect the provisions of this section."

[5] Practice Book § 390 provides: "[Conditions] The court will not render declaratory judgments upon the complaint of any person:

and conclude that Grange's claim to intervention is not only colorable, but also meritorious.[6]

"The test for determining whether an order denying a motion to intervene constitutes a final judgment is whether the would-be intervenor can make 'a colorable claim to intervention as a matter of right.' *Ricard* v. *Stanadyne, Inc.*, 181 Conn. 321, 322 n.1, 435 A.2d 352 (1980); *Common Condominium Assns., Inc.* v. *Common Associates*, 5 Conn. App. 288, 291, 497 A.2d 780 (1985)." *Winslow* v. *Lewis-Shepard, Inc.*, 216 Conn. 533, 536, 582 A.2d 1174 (1990). "If [an unsuccessful applicant for intervention] does make such a colorable claim, on appeal the court has jurisdiction to adjudicate both his claim to intervention as a matter of right and to permissive intervention. This reading is consistent with the by now classic definition of the appealability

"(a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or

"(b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or

"(c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or

"(d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."

[6] Because we conclude that Grange's claim to intervention as a matter of right pursuant to the provisions of General Statutes § 52-29 and Practice Book § 390 is meritorious, we need not consider Grange's remaining claims of whether the trial court improperly denied its motion to intervene as a matter of right under Practice Book § 99 or General Statutes § 52-102, or whether the trial court abused its discretion in not allowing permissive intervention. We note that in *Horton* v. *Meskill*, 187 Conn. 187, 445 A.2d 579 (1982), our Supreme Court considered motions to intervene based on Practice Book § 99 and General Statutes § 52-102 and on permissive intervention, rather than interventions specifically based on Practice Book § 390 and General Statutes § 52-29. Although the action in *Horton* began as a declaratory judgment action, the applicants moved for intervention *after* the trial court rendered its declaratory judgment. Id., 189. The *Horton* court also considered the timeliness of the motions to intervene as well as the similarity of interests of the proposed intervenors to others already parties. For these reasons, *Horton* is distinguishable.

of an otherwise interlocutory order: '(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them.' *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983)." *Common Condominium Assns., Inc.* v. *Common Associates*, supra, 291.

General Statutes § 52-29 authorizes the Superior Court to adjudicate declaratory judgment actions and delegates to the judiciary the task of making rules to govern such actions. One of the prerequisites to a declaratory judgment is that "all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Practice Book § 390 (d). " 'Under [Practice Book § 390 (d),] all such persons even though their presence is not necessary to a decision of the issues between the parties of record are required either to be made parties or to have reasonable notice of the action. *Where they are reasonably within the reach of the process and are not so numerous that it would impose an unreasonable burden upon the plaintiff they should be made parties*; but if they or some of them are not reasonably available for service or to summon them or all of them into the action would put upon the plaintiff a burden he ought not fairly to be asked to assume, the provision for reasonable notice applies.'. . ." (Emphasis added.) *Benz* v. *Walker*, 154 Conn. 74, 78, 221 A.2d 841 (1966).

"Statutes and rules relating to the remedy of declaratory judgments are given a liberal construction to effectuate their purposes. *Connecticut Savings Bank* v. *First National Bank & Trust Co.*, 133 Conn. 403, 409, 51 A.2d 907 (1947). 'One great purpose is to enable parties to have their differences *authoritatively settled in advance of any claimed invasion of rights*, that they may guide their actions accordingly and often may be able to keep them within lawful bounds, and so avoid

the expense, bitterness of feeling and disturbance of the orderly pursuits of life which are so often the incidents of law suits. Fully to carry out the purposes intended to be served by such judgments, *it is sometimes necessary to determine rights which will arise or become complete only in the contingency of some future happening. Even if the right claimed . . . is a contingent one, its present determination may well serve a very real practical need of the parties for guidance in their future conduct.* A construction of our statute and rules which would exclude from the field of their operation the determination of rights, powers, privileges and immunities which are contingent upon the happening or not happening of some future event would hamper their useful operation.' (Emphasis added.) *Sigal* v. *Wise,* 114 Conn. 297, 301–302, 158 A. 891 (1932)." *Bombero* v. *Planning & Zoning Commission,* 40 Conn. App. 75, 79, 669 A.2d 598 (1996).

During oral argument on the motion to intervene, the trial court explicitly recognized that Grange had an interest in the outcome of this action because either AIU or Grange would eventually be responsible for paying Merola, in whole or in part. The trial court therefore recognized that the interests of AIU and Grange were antagonistic. AIU's coverage is a maximum of $300,000, which if paid would probably mean that Grange would not need to pay anything. The court stated: "And really the same issues are involved in both [the present case and the personal injury action brought by Merola against all the defendants and Grange]. And that is, is this an uninsured vehicle? If AIU has coverage, it's not. If AIU doesn't have coverage, it is."

The trial court, after succinctly stating the issue, nevertheless, concluded that Grange was not a "necessary party" or a party that "that needs to be an actual party in this case." Because this is a declaratory judgment action, the determinative issue, however, is not whether

Grange is a necessary party to this action, but simply whether the outcome of this action may affect Grange's interests because it is the defendant Merola's carrier for uninsured motorist coverage. Grange will be directly affected by the trial court's determination of the plaintiff's coverage liability relating to the claim submitted by the defendant Merola. If AIU is not obligated to defend or indemnify Daniel Brown as a result of insuring Richard Brown, Grange may be liable to Merola because of its insurance policy sold to Merola. The stipulation of AIU and the Browns filed in this case in the trial court directly affects Grange because it attempts to settle the action in AIU's favor to the detriment of Grange. If Grange is not a party to the declaratory judgment action, it will have no opportunity to object to the acceptance of the stipulation.[7]

This is a declaratory judgment action. There is a danger of loss of rights or an uncertainty as to the liability of Grange with respect to the claim submitted by Merola and, therefore, Grange should be allowed to intervene. See *Bombero* v. *Planning & Zoning Commission*, supra, 40 Conn. App. 75. We conclude that Grange has demonstrated an interest in the subject matter of the complaint sufficient to warrant intervention.[8]

---

[7] The trial court was aware at the hearing on the motion to intervene that a stipulation might be filed, and in response to counsel for AIU's statement that the stipulation would not be binding on Grange, said, "I wouldn't think so. And it would be unfair." Although the stipulation cannot bind Grange, Grange argued that it could not be used to claim AIU had no responsibility under its policy because AIU had already paid property damage claims under the policy.

[8] Grange asserts that it also has an interest in the outcome of this action by virtue of a trust agreement provision in the automobile liability policy it issued to the defendant Lorraine Merola. In light of our threshold conclusion that Grange's legal interest as Merola's uninsured motorist carrier may be implicated by the outcome of this action, and that that interest in and of itself is sufficient to warrant intervention here, we need not determine whether the claimed interest relating to the trust agreement provision is sufficient to warrant intervention.

The judgment is reversed and the case is remanded with direction to grant the motion to intervene and for further proceedings.

In this opinion the other judges concurred.