[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR ACCELERATED REHABILITATION
Pending before the court is defendant Charles Getchell's Motion for Accelerated Pretrial Rehabilitation brought pursuant to General Statutes § 54-56e. The defendant is charged with a one count violation of General Statutes § 53a-156, perjury.
Accelerated pretrial rehabilitation is a pretrial program which places appropriate persons on pretrial probation. Pursuant to General Statutes § 54-56e, the court upon motion may invoke the program for persons "who, the court believes, will probably not offend in the future and who has no previous record of conviction of a crime. . ." In State v. Angelo,25 Conn. App. 235, 240, 594 A.2d 24, cert. denied, 220 Conn. 911,597 A.2d 335 (1991) the court held, in part:
 The granting or denial of an application for accelerated rehabilitation implicates the exercise of discretion by the trial court . . . CT Page 4087 The exercise of legal discretion imparts something more than the granting to the trial court of the right to have leeway in decision making. . . Rather, the exercise of legal discretion requires that it be exercised `in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' (Citations omitted).
Moreover, in State v. Lavorgna, 37 Conn. Sup. 767, 779,437 A.2d 131 (1981) (App. Sess.) the court stated in relevant part:
 In State v. Anonymous, (1980-5)[1] supra, we indicated that in exercising its discretion upon an application for accelerated rehabilitation the trial court must consider both the "nature of the particular offense and the circumstances of its commission." In denying the defendant's application wholly on the basis of the charge, the trial court failed to consider the circumstances under which the offense was committed as required for a proper exercise of discretion. Except where the offense falls within one of the categories specifically mentioned in the statute as disqualifications, the determination of whether the crime is of a "serious nature" ordinarily depends upon the facts surrounding its commission.
This court has reviewed the documents regarding the instant motion. These documents include the arrest warrant affidavit and a mental health report.
Briefly stated, the relevant allegation is that the defendant, in his capacity as a social worker with the Connecticut Department of Children and Families, committed perjury while giving testimony at a February 22, 1996 Juvenile Matters hearing on a case that he was assigned. Specifically, it is alleged that the defendant stated under oath that he had made home visits and kept notes of these visits when in fact he knew that he made no such visits.
The records reviewed by the court indicate that Dr. James CT Page 4088 Brodey performed a psychiatric examination on the defendant. Dr. Brodey's opinion is that the defendant has bipolar disorder and adult attention deficit disorder. Dr. Brodey believes that the defendant has responded well to treatment for bipolar disorder and that the defendant's symptoms are under control. The state's attorney has objected to the motion. It is the state's position that the crime is too serious for accelerated rehabilitation.
The court has considered the entire record including the nature of the particular offense and the circumstances surrounding its alleged commission. This court believes that the alleged incident is of a serious nature. Perjury threatens the integrity of judicial proceedings. The purpose of the perjury statute with respect to a judicial proceeding is to keep the process of justice free from the contamination of false testimony; it is for the wrong done to the judicial system and the administration of justice that punishment is provided, for without truthful testimony, the court's system cannot function. 70 C.J.S. 250, Perjury § 3 (1987).
Moreover, as an employee of the state, the defendant was entrusted to make accurate and truthful representations to the court concerning critical family matters. Such responsibility affects a fundamental human right. "The United States Supreme Court has frequently emphasized the constitutional importance of family integrity. The rights to conceive and to raise one's children have been deemed essential, basic civil rights of man, and rights far more precious than property rights. . . The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Ninth Amendment. . . This right to family integrity includes the most essential and basic aspect of familial privacy — the right of the family to remain together without the coercive interference of the awesome power of the state." (Citations omitted; internal quotation marks omitted.) In re Juvenile Appeal (83-CD), 189 Conn. 276,455 A.2d 1313 (1983). The defendant's alleged perjury included the risk of state power coercively interfering with a family's integrity.
Because this court finds that the alleged crime is of a serious nature and this court cannot find that the defendant will probably not offend in the future, the motion for accelerated rehabilitation is denied.
BY THE COURT CT Page 4089
Peter Emmett Wiese, Judge