ANTHONY A. PAPA, TRUSTEE *v.* THIMBLE CREEK
CONDOMINIUM ASSOCIATION, INC., ET AL.
(AC 17061)

Spear, Kulawiz and Dupont, Js.

---

Argued June 1—officially released August 25, 1998

*Frederick P. Amore*, for the appellant (named defendant).

*Roy H. Scharf*, for the appellee (plaintiff).

*Opinion*

SPEAR, J. The named defendant, Thimble Creek Condominium Association, Inc. (association), appeals from the judgment of the trial court determining that the plaintiff is the beneficiary of an easement and that the association acted contrary to his right, title and interest by encumbering it with utility lines and equipment. The association claims that the trial court improperly (1) found that the plaintiff had proved by clear and convincing evidence that he is the owner of the easement in question, (2) found that the plaintiff was the owner of

the dominant estate, (3) allowed the plaintiff to introduce evidence of an agreement for an alternate easement, (4) found that no evidence was offered at trial as to the location or ownership of light poles, telephone poles and a fire hydrant in the easement, (5) held that it would order injunctive relief on the request of the plaintiff and (6) found that the plaintiff had not abandoned his easement. We do not reach these issues because we dismiss the appeal for lack of a final judgment.

The plaintiff brought this action against the association and individual unit owners to determine the rights of the parties with respect to an easement that the plaintiff claims to possess over land owned by the association and subject to a claimed utility easement in favor of the defendant Connecticut Light and Power Company.[1] The plaintiff alleged that the defendants interfered with his right-of-way by permitting parking and by erecting electrical utility boxes on the property, and by demolishing signs erected by the plaintiff advertising the property for sale. He sought a judgment determining the rights of the parties in or to the right-of-way and quieting title thereto, an injunction requiring the defendants to remove the obstructions from the plaintiff's right-of-way, an order enjoining the defendants from interfering with the right-of-way and damages.

On August 6, 1997, the plaintiff filed a motion to dismiss the appeal for lack of a final judgment. On September 17, 1997, this court denied the plaintiff's motion without prejudice to raising the final judgment issue at the time of consideration of the merits of the appeal.

"A possible absence of subject matter jurisdiction must be addressed and decided before reaching the

---

[1] The plaintiff filed the original complaint against the association and the individual condominium unit owners. He amended the complaint to include Connecticut Light and Power Company as a necessary party.

merits. See *Sadloski* v. *Manchester*, 228 Conn. 79, 84, 634 A.2d 888 (1993). 'Absent a final judgment, we cannot reach the merits of the appeal.' *State* v. *O'Connell*, 36 Conn. App. 135, 136, 648 A.2d 168, cert. denied, 231 Conn. 943, 653 A.2d 824 (1994)." *AIU Ins. Co.* v. *Brown*, 42 Conn. App. 363, 366, 679 A.2d 983 (1996). Accordingly, we first determine whether the trial court's granting of partial judgment in favor of the plaintiff is a final judgment from which an appeal may be taken.

The trial court held that the plaintiff had proved by clear and convincing evidence that he is the beneficiary of the easement, and that the defendant has acted contrary to his right, title and interest by encumbering it with utility lines and equipment and that judgment may so enter. The court found that no evidence was offered as to monetary damages, so none were awarded. The court then stated that "[t]he plaintiff has requested an order that the defendants remove said utilities from the right-of-way. The court will defer action on that request to give all parties an opportunity to plan for and effect this removal in a reasonable time and manner. Should this not proceed in such a way, the plaintiff may move for a hearing to determine how this judgment should be implemented. One avenue available to the court is to refer to the stipulation of the parties in open court pursuant to which the defendant Connecticut Light and Power Company's counsel was permitted to be absent from the trial upon his placing on the record the fact that the cost of the utilities relocation would be $25,974.36."

In his motion to dismiss, the plaintiff argued that since the trial court deferred action on his request for injunctive relief and indicated that implementation of the decision could occur after further hearings, there is no appealable final judgment. He claims that the rights of the parties have not yet been so concluded that further proceedings cannot affect them.

The judgment of the trial court fully determined certain rights of the parties in that the plaintiff is the beneficiary of the easement and that the association has acted contrary to his right, title and interest by encumbering it with utility lines and equipment. The judgment, by its terms, disposed of all the issues in the case except the plaintiff's request for injunctive relief.

This case is controlled by *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 495 A.2d 1063 (1985). In *Stroiney,* the plaintiffs sought judgment declaring that the tax district had been illegally formed, and sought injunctive relief and damages. The trial court rendered summary judgment in favor of the plaintiffs and the defendants appealed. Our Supreme Court dismissed the appeal for lack of a final judgment. "The plaintiffs have not withdrawn or abandoned their claims for relief that have not yet been adjudicated. The situation, therefore, is similar to where a judgment has been rendered only upon the issue of liability without an award of damages. Such a judgment, being interlocutory in character, is not a final judgment from which an appeal lies. *Pinnix* v. *LaMorte,* 182 Conn. 342, 343, 438 A.2d 102 (1980); *Palmer* v. *Hartford National Bank & Trust Co.,* 157 Conn. 597, 253 A.2d 28 (1968); *New Haven Redevelopment Agency* v. *Research Associates, Inc.,* 153 Conn. 118, 120, 214 A.2d 375 (1965)." *Stroiney* v. *Crescent Lake Tax District,* supra, 84–85. In the present case, the plaintiff has not withdrawn or abandoned his request for injunctive relief.

"Such an interlocutory judgment does not fall within one of the narrowly defined exceptions to the general prohibition against appeals from judgments that are not final. 'An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them.' *State* v. *Curcio,* [191 Conn. 27, 31, 463 A.2d 566 (1983)];

*Daginella* v. *Foremost Ins. Co.*, 197 Conn. 26, 30, 495 A.2d 709 (1985). The first alternative, termination of a separate and distinct proceeding, requires the order being appealed to be severable from the central cause of action so that the main action can 'proceed independent of the ancillary proceeding.' *State* v. *Parker*, 194 Conn. 650, 654, 485 A.2d 139 (1984). Obviously, a ruling affecting the merits of a controversy could not be separate and distinct." *Stroiney* v. *Crescent Lake Tax District*, supra, 197 Conn. 85.

The judgment here does not terminate a separate and distinct proceeding. It is clear that the plaintiff's claim for injunctive relief could not go forward if we were to hold that the trial court improperly found that the plaintiff was the beneficiary of the easement and that the association had acted contrary to his right, title and interest by encumbering it with utility lines and equipment. As in *Stroiney*, the judgment in this case was "merely a step along the road to a final judgment and was not independent of the main action. . . . The first *Curcio* alternative is, therefore, not met." (Citations omitted; internal quotation marks omitted.) Id.

Nor does the judgment in the present case satisfy the second *Curcio* alternative, which is that the rights of the parties be so concluded "that further proceedings cannot affect them." (Internal quotation marks omitted.) Id.; *In re Juvenile Appeal (85-AB)*, 195 Conn. 303, 312, 488 A.2d 778 (1985); *New Haven Redevelopment Agency* v. *Research Associates, Inc.*, supra, 153 Conn. 120; *State* v. *Fahey*, 146 Conn. 55, 57, 147 A.2d 476 (1958); 47 Am. Jur. 2d, Judgments § 1054. Further proceedings on the plaintiff's request for an injunction are bound to affect the rights of the parties relative to the plaintiff's easement. Absent a final judgment, this court does not have jurisdiction to reach the merits of the association's appeal.

The appeal is dismissed for lack of jurisdiction.

In this opinion the other judges concurred.