[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#107)
 Statement of Facts
The plaintiffs, Janice Bagwell, John McConochie and Donald Warren, filed a single-count complaint on June 28, 1999. The complaint contains the following allegations: The plaintiffs are retired police officers, collecting retirement benefits from the Police Department of the defendant Town of Old Saybrook. The plaintiffs retired from their employment prior to 1998, under a contract which provides that the defendant "shall make available to all police officers who effect normal retirement under the Town's plan for retirement, membership in the basic Blue Cross, Blue Shield, major medical and life insurance plans." The contract provides for coverage under a plan referred to as Coverage C9D. Until approximately January, 1998, the defendant provided the coverage described in the contract, but in February, 1998, the defendant changed the hospitalization and insurance plans to the Blue Cross Century Preferred Plan, which plaintiffs allege is a more restrictive and less advantageous plan. The plaintiffs commenced this action seeking a declaratory judgment to determine whether the town has the right to change a retiree's coverage to the Century Preferred Plan under the provisions of the contract. The defendant filed an answer and special defenses on August 26, 1999.
On March 13, 2000, the defendant filed a motion to dismiss the complaint on the ground of mootness. With its motion to dismiss, the defendant filed the affidavit of Michael A. Pace, the First Selectman of the defendant Town of Old Saybrook. Mr. Pace's affidavit includes the CT Page 8643 following facts: On February 1, 1998, the defendant substituted coverage under the Blue Cross Blue Shield Century Preferred Plan in place of the Century 90/94 Plan previously provided. On March 1, 2000, the defendant restored the plaintiffs to the Century 90/94 Plan. The defendant maintains that it was legally entitled to change the plaintiffs' coverage but decided to restore the previous coverage to avoid the burden and expense of litigation. Mr. Pace's affidavit indicates that the town ". . has no present intention of returning the three plaintiffs to the Century Preferred Plan or otherwise altering their care coverage." According to the defendant's motion to dismiss, the restoration of the original benefits renders the present case moot.
The defendant filed a memorandum of law in support of its motion to dismiss, and the plaintiffs filed a memorandum in opposition. The defendant has also filed an additional reply brief in support of its motion.
 Discussion
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31
(a). "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) Russellv. Yale University, 54 Conn. App. 573, 577, 737 A.2d 941 (1999).
Although Practice Book § 10-30 states that a motion to dismiss must be filed within thirty days of the filing of an appearance, this requirement does not apply when the motion challenges the court's subject matter jurisdiction. "A motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroiney v. Crescent Lake TaxDistrict, 205 Conn. 290, 294, 533 A.2d 208 (1987). A claim of mootness "implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." Stamford Hospital v. Vega,236 Conn. 646, 656, 674 A.2d 821 (1996). Because a claim of mootness may be raised at any time, the defendant's motion to dismiss is properly before the court.
The defendant's motion to dismiss is based solely on the ground that the defendant's restoration of the plaintiffs' previous benefits has rendered the case moot. It is well established that a court may not rule on a matter which has become moot: "We have consistently held that we do not render advisory opinions. If there is no longer an actual controversy in which we can afford practical relief to the parties, we must dismiss the [case]. . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution CT Page 8644 on the merits it must be justiciable. Justiciability requires . . . that there be an actual controversy between or among the parties to the dispute: Courts exist for determination of actual and existing controversies, and under the law of this state the courts may not be used as a vehicle to obtain judicial opinions on points of law. . . . [W]here the question presented is purely academic, we must refuse to entertain the [case]. . . . A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists." (Citations omitted; internal quotation marks omitted.) Domestic ViolenceServices of Greater New Haven v. FOIC, 240 Conn. 1, 6-7, 688 A.2d 314
(1997).
"The doctrine of mootness is rooted in the same policy interests as the doctrine of standing, namely, to assure the vigorous presentation of arguments concerning the matter at issue. See H. Monaghan, `Constitutional Adjudication: The Who and When,' 82 Yale L.J. 1363, 1384 (1973) (describing mootness as the `doctrine of standing in a time frame: The requisite personal interest that must exist at the commencement of the litigation [standing] must continue through its existence [mootness]'). This court recently reiterated that the standing doctrine is "designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." Loiselv. Rowe, 233 Conn. 370, 378-79, 660 A.2d 323 (1995).
The Superior Court has the power to grant declaratory relief pursuant to General Statutes § 52-29.[1] "The purpose of a declaratory judgment action, as authorized by General Statutes § 52-29 and Practice Book § [17-55], is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." (Emphasis in original; internal quotation marks omitted.) Wilson v. Kelley, 224 Conn. 110, 115,617 A.2d 433 (1992).
The conditions for the granting of a declaratory judgment are contained in Practice Book § 17-55.[2] The second of these conditions, that "[t]here is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties," is substantially identical to the justiciability standard for determining whether a case is moot, as discussed above. Consequently, in the context of a declaratory judgment action, the rule that this court may not hear cases that are moot simply restates a requirement already contained in the Practice Book rules governing declaratory judgments. CT Page 8645
The appellate courts have long held that Connecticut's declaratory judgment statute is broad and liberal. "`[T]he statute authorizing the Superior Court to render declaratory judgments is as broad as it well could be made.' Sigal v. Wise, 114 Conn. 297, 301, 158 A. 891 [1932]. It antedated the Uniform Declaratory Judgments Act, it is broader in scope than that act and the statutes in most, if not all, other jurisdictions;Spector Motor Service, Inc. v. Walsh, [135 Conn. 37, 41, 61 A.2d 89
(1945)]; and `[w]e have consistently construed our statute and the rules under it in a liberal spirit, in the belief that they serve a sound social purpose.' Connecticut Savings Bank v. First National Bank TrustCo., 133 Conn. 403, 409, 51 A.2d 907 [1947]." Horton v. Meskill,172 Conn. 615, 626-27, 376 A.2d 359 (1977). See also AIU Ins. Co. v.Brown, 42 Conn. App. 363, 368, 679 A.2d 983 (1996).
"`One great purpose [of the statute and rules relating to declaratory judgments] is to enable parties to have their differences authoritativelysettled in advance of any claimed invasion of rights, that they may guide their actions accordingly and often may be able to keep them within lawful bounds, and so avoid the expense, bitterness of feeling and disturbance of the orderly pursuits of life which are so often the incidents of law suits. Fully to carry out the purposes intended to be served by such judgments, it is sometimes necessary to determine rightswhich will arise or become complete only in the contingency of somefuture happening. Even if the right claimed . . . is a contingent one, itspresent determination may well serve a very real practical need of theparties for guidance in their future conduct. A construction of our statute and rules which would exclude from the field of their operation the determination of rights, powers, privileges and immunities which are contingent upon the happening or not happening of some future event would hamper their useful operation.' (Emphasis added.) Sigal v. Wise, [supra,114 Conn. 301-02]." (Internal quotation marks omitted.) AIU Ins. Co. v.Brown, supra, 42 Conn. App. 368-69.
In Sigal v. Wise, supra, 114 Conn. 297, the plaintiff was the lessee and the defendant the lessor of a building which the plaintiff used as a store. About half way through the five-year lease, the building was destroyed by fire. The plaintiff subsequently learned that the defendant planned to rebuild and that the new building was to be leased to a certain corporation for use as a store. The plaintiff brought an action for a declaratory judgment to determine his right to occupy the new building under the lease. The Supreme Court held that the plaintiff was entitled to a declaratory judgment, despite the fact that the new building had not yet been built: "The second of the limitations upon the exercise of the power contained in [Practice Book § 17-55] . . . provides that there must be an actual, bona fide and substantial uncertainty of legal relations which requires settlement. The allegations of the complaint CT Page 8646 present such an uncertainty of legal relations as upon the hearing the court might deem to require present settlement." Id., 302.
In the present case, the plaintiffs similarly seek to have their rights under the contract determined in order to put to rest the uncertainty regarding the defendant's contractual obligations. Although the town has stated it has no "present intention" of changing the plaintiffs' insurance benefits in the future, the defendant's pleadings and affidavit maintain that its prior action in changing the coverage was permitted under the contract with the plaintiffs. The plaintiffs dispute this. Hence, there exists substantial, on-going uncertainty in the legal relations between the parties, and an actual controversy which continues to require resolution.
The relief, which may be sought by plaintiffs in a declaratory judgment action is . . . "to their authoritatively in of claimed of have differences settled advance any invasion of rights." Sigal v. Wise, supra, 114 Conn. 301; AIU Ins. Co. v. Brown, supra, 42 Conn. App. 368. The court finds that the allegations in the present case present a genuine controversy and set forth a claim for relief which fall within the scope of the declaratory judgment statute and rules.
Stated differently, this case is not moot, because practical relief, in the form of a declaratory judgment, can still be granted to the plaintiffs. See Domestic Violence Services of Greater New Haven v. FOIC, supra, 240 Conn. 6-7. Because justiciability in this case is established by the plaintiffs' alleged need to resolve the dispute over contractual interpretation and determine if the defendant could switch coverages again in the future, the defendant's restoration of the plaintiffs' original benefits does not render the case moot.[3]
 Findings and Order
The mootness doctrine and Practice Book § 17-55 both require that a declaratory judgment may issue only if there is an actual controversy in which the plaintiff can be afforded practical relief. Our appellate courts have established that one purpose of the declaratory judgment statute and rules is to settle differences in advance of any claimed invasion of rights. In the present case there is an actual disagreement over the scope of the defendant's obligation to provide insurance under the contract provisions. The plaintiffs have alleged past action by the defendant which they claim violated the parties' contract, and the defendant continues to assert that the action taken was legally justified. The court finds that a declaratory judgment in this matter would afford practical relief in that it would resolve the on-going conflict in the parties' legal relationship and preclude future CT Page 8647 litigation. Consequently, the court finds that this case is justiciable and should not be dismissed as moot. Accordingly, the motion to dismiss is hereby Denied.
BY THE COURT:
Dyer, J.