STATE OF CONNECTICUT *v.* SCOTT TYLER
(4178)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Argued January 8—decision released March 18, 1986

*Terence A. Sullivan,* assistant state's attorney, for the appellant (state).

*Joseph D. Courtney,* with whom, on the brief, was *Arthur P. Meisler,* for the appellee (defendant).

BORDEN, J. This is the state's appeal from the trial court's judgment dismissing a two count information following the defendant's satisfactory completion of his accelerated pretrial rehabilitation program pursuant to General Statutes § 54-56e. The sole issue before us is whether the trial court erred in granting the application of the defendant for accelerated rehabilitation, and subsequently dismissing the information, where

that information alleged in two counts the commission of separate offenses on different dates. We agree with the state that, under these facts and circumstances, this defendant was ineligible for the pretrial program for accelerated rehabilitation, and we therefore find error in the trial court's decision to grant the defendant's application. Accordingly, the judgment dismissing the information must be set aside.

The facts are not in dispute. The defendant was charged, in a single information, with two counts of sale of marihuana, in violation of General Statutes § 21a-277 (b). The two offenses were alleged to have been committed on March 24, 1983, and April 7, 1983. On May 10, 1983, the defendant applied for accelerated pretrial rehabilitation pursuant to General Statutes § 54-56e.[1] The state objected to the application on the ground that General Statutes § 54-56e is applicable only to an individual who is accused of "a crime"; see footnote 1, supra; and that this defendant was ineligible

---

[1] General Statutes § 54-56e provides: "ACCELERATED PRETRIAL REHABILITATION. There shall be a pretrial program for accelerated rehabilitation of persons accused of *a crime,* not of a serious nature. The court may, in its discretion, invoke such program on motion of the defendant or on motion of a state's attorney or prosecuting attorney with respect to an accused who, the court believes, will probably not offend in the future and who has no previous record of conviction of crime and who states under oath in open court under the penalties of perjury that he has never had such program invoked in his behalf, provided the defendant shall agree thereto and provided notice has been given by the accused, on a form approved by rule of court, to the victim or victims of such crime, if any, by registered or certified mail and such victim or victims have an opportunity to be heard thereon. This section shall not be applicable to any person charged with a violation of section 14-227a, 53a-56b or 53a-60d. Unless good cause is shown, this section shall not be applicable to persons accused of a class A, class B, or class C felony or to any youth who has previously been adjudged a youthful offender under the provisions of sections 54-76b to 54-76n, inclusive. Any defendant who enters such program shall agree to the tolling of any statute of limitations with respect to such crime and to a waiver of his right to a speedy trial. Any such defendant shall appear in court and shall be released to the custody of the office of adult probation for such period, not exceeding two years, and under such conditions

for the program because he was charged with two separate and distinct crimes committed on separate dates. The trial court granted the defendant's application over the state's objection, released the defendant to the custody of the office of adult probation for a period of two years, and ordered certain conditions of probation. The case was continued to May 9, 1985, at which time the court dismissed the information with prejudice, and granted the state's motion for permission to appeal.

Section 54-56e of the General Statutes confers discretion upon trial courts to invoke the accelerated rehabilitation program for certain persons "accused of *a crime, not of a serious nature*." (Emphasis added.) "The main thrust of the statute is suspension of prosecution." *State* v. *Spendolini*, 189 Conn. 92, 96, 454 A.2d 720 (1983).

State's attorneys are given broad discretion to determine whether a particular situation requires prosecution for one or more charges. See *State* v. *Ellis*, 197 Conn. 436, 478, 497 A.2d 974 (1985). This discretion applies to the decision of whether to charge one or more statutory offenses arising out of a single criminal transaction. Id. It also applies to the decision of whether to prosecute at all on any single particular offense, even where there is sufficient evidence to do so. See *State* v. *Ellis*, supra, 478 n.28; LaFave, "The Prosecutor's Discretion in the United States," 18 Am. J. Comp. L. 532, 532–38, 541 (1970).

In the present situation, the state's attorney's discretionary decision to charge this defendant with mul-

as the court shall order. If the defendant refuses to accept, or, having accepted, violates such conditions, his case shall be brought to trial. If such defendant satisfactorily completes his period of probation, he may apply for dismissal of the charges against him and the court, on finding such satisfactory completion, shall dismiss such charges. Upon such dismissal all records of such charges shall be erased pursuant to section 54-142a." (Emphasis added.)

tiple offenses, and the trial court's discretionary decision to suspend prosecution, stand in conflict. At the center of this conflict is the question of whether this defendant is charged with "a crime" within the meaning of General Statutes § 54-56e.[2]

The state does not suggest that the criterion for determining whether "a crime" is charged should depend upon the number of charges brought. From the above discussion, it is clear that if the number of charges were the determinative criterion, then an accused's eligibility for accelerated rehabilitation would, in each case, be subject to the prosecutor's discretionary charging decision. See *State* v. *Ellis,* supra. It is equally clear that this result would be exactly the opposite of the intent of the legislature. Shortly after General Statutes § 54-56e was first enacted in 1973; Public Acts 1973, No. 73-641; the legislature amended the original version of the statute, which vested power to invoke the program solely in the discretion of the prosecutor, and transferred that discretion to the trial court. See Public Acts 1974, No. 74-38.

The defendant suggests that the discretionary decision of the trial court to grant accelerated rehabilitation, where an individual is charged with more than one offense, should not be hampered by "arbitrarily imposed" criteria which govern whether those charges constitute "a crime" within the meaning of the statute. Thus, he proposes that the question of whether a defendant's alleged conduct constitutes "a crime" be left solely to the discretion of the trial court, unhampered by considerations of whether the charged

---

[2] In passing, we note that the legislative history of the statute, from which both parties seek some comfort, is not helpful in deciding this specific question. See 16 S. Proc., Pt. 7, 1973 Sess., pp. 3601–3603; 17 H. R. Proc., Pt. 2, 1974 Sess., pp. 626–28; 16 H. R. Proc., Pt. 15, 1973 Sess., pp. 7553–55; 16 H. R. Proc., Pt. 11, 1973 Sess., pp. 5712–15; Hearings before Joint Standing Committee on Judiciary, 1974 Sess., pp. 23–30.

offenses arose out of the same transaction. He points to the fact that there is no language in the statute requiring any particular limits on trial court discretion, and he suggests that the sole issue on review should be whether the trial court abused its discretion.

This argument, although plausible, does not persuade us. It is true that the statute aims to vest a great deal of discretion in the trial court. But the statute limits that discretion by pinning it to "persons accused of a crime," a phrase which suggests a concept with more definite legal parameters than can be feasibly drawn pursuant to the defendant's reading of the statute. The word, "crime," is ordinarily used as a term of art; cf. General Statutes § 53a-24 (a) (" 'crime' comprises felonies and misdemeanors"); and the article, "a," obviously means the singular. Thus, the phrase, "a crime," signifies a singular legal concept in the criminal law. The defendant's argument permits more violence to the phrase than it can lexicographically withstand. This conclusion is buttressed by reference to the statute which governs the youthful offender program. See General Statutes § 54-76b. There, the legislature chose to extend eligibility for youthful offender status to a youth who has committed "a crime or crimes." Because the legislature used the same phrase in both the singular and plural in this related context, we may infer that the use of the phrase in the singular in the present context is meant as a restriction upon, rather than an expansion of, trial court discretion. Cf. *Link* v. *Shelton*, 186 Conn. 623, 627, 443 A.2d 902 (1982). We, therefore, reject the defendant's argument.

The ultimate question of the propriety of a trial court's exercise of discretion pursuant to General Statutes § 54-56e must be resolved on a case by case basis. The disposition of this appeal from the trial court's discretionary decision to grant accelerated rehabilitation, therefore, must turn upon the application of a flexible

criterion for determining whether this multi-count information charges this defendant with "a crime" within the meaning of General Statutes § 54-56e.

We find an apt legal construct to provide such a flexible criterion in the single transaction test as it has been developed in the context of double jeopardy principles. Thus, we agree with the state that a common sense interpretation of this statutory provision; see *State* v. *Gaines,* 196 Conn. 395, 400, 493 A.2d 209 (1985); is that the phrase, "a crime," means a single criminal act or transaction, out of which one or more criminal charges might arise. In the double jeopardy context, where multiple charges are brought against a defendant, the determination of whether those charges constitute multiple prosecution or punishment for a single offense begins with an analysis of the facts underlying the charging documents. See *State* v. *Devino,* 195 Conn. 70, 74, 485 A.2d 1302 (1985). Similarly, in the accelerated rehabilitation context, the question of whether multiple charges describe "a crime" should begin with an analysis of the facts and circumstances underlying the charging documents. See *State* v. *Lavorgna,* 37 Conn. Sup. 767, 437 A.2d 131 (1981) (abuse of discretion to determine seriousness of offense without reference to facts underlying charging documents). We hold that the determinative criterion governing General Statutes § 54-56e is whether the charges arose out of the "same act or transaction." See *Blockburger* v. *United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).[3]

---

[3] In reaching this conclusion, we add the caveat that "[m]odern jurisprudence warns of the dangers of reliance on doctrinal transfer without regard to the constraints of context." *State* v. *Ellis,* 197 Conn. 436, 482, 497 A.2d 974 (1985) (*Peters, C. J.,* concurring). The development of the "same act or transaction" test, in the accelerated rehabilitation context, must necessarily occur on a gradual case by case basis, unless the legislature chooses to expand further upon the statutory guidelines.

This criterion, being essentially fact based, affords the necessary flexibility to the trial court in the exercise of discretion pursuant to General Statutes § 54-56e. Furthermore, this criterion squares with the language of the last two sentences of the statute, which require that, upon the defendant's completion of the terms of his probation, the court dismiss "such charges." See footnote 1, supra.

In the present case, the defendant was charged with two counts of sale of marihuana on two separate dates, fourteen days apart. In *State* v. *Thompson,* 197 Conn. 67, 72, 495 A.2d 1054 (1985), where the defendant was charged with two counts of sale of cocaine on two separate dates, five days apart, our Supreme Court rejected the defendant's claim that the two sales "were in reality one transaction merely temporally divided." There, as here, the two transactions involved the same parties, the same location and the same drug. Nevertheless, the Supreme Court reviewed the record and concluded that "the parties did not firmly commit on [the first day] to meet five days later for a second installment. In short, there was no temporal continuity or clear connection between the two sales." Id., 73. Compare *State* v. *Goldson,* 178 Conn. 422, 423–24, 423 A.2d 114 (1979) (separate offenses allegedly committed on same date at same time constitute same transaction).

Likewise, in the present case we conclude that, because there is no temporal continuity or clear connection between these two sales, they constitute more than one single criminal act or transaction. Thus, this defendant, who was charged with more than "a crime" within the meaning of General Statutes § 54-56e, was ineligible for the accelerated rehabilitation program. The trial court, therefore, abused its discretion by granting the defendant's application.

The defendant argues that application of the "same transaction" criterion violates the maxim of statutory construction whereby statutes are construed "to

accomplish a reasonable and rational result." *Stoni* v. *Wasicki,* 179 Conn. 372, 376–77, 426 A.2d 774 (1979). In this regard, the defendant argues that if "a crime" is committed only where the various charged offenses are alleged to have occurred on the same date, at the same time, and at the same location, then the following anomaly arises. A defendant who made three sales of marihuana at the same time and place would be eligible for accelerated rehabilitation, whereas a defendant who only made two sales but on separate dates would not. Similarly, according to the defendant, an accused could commit three burglaries in one apartment building at the same time and be eligible for accelerated rehabilitation, whereas another, who committed only two burglaries but on separate dates, would be ineligible. These hypothetical results, however, rest upon an assumption that we do not share, namely, that the "same act or transaction" criterion would necessarily lead to the results posited by the defendant.

Under these circumstances, a trial court could reasonably reach the conclusion that a person accused of three offenses on a single date is ineligible for accelerated rehabilitation, just as the individual who commits two offenses on separate dates is ineligible. If the triple marihuana seller sold drugs to separate persons on the same date, or to the same person at separate times on the same date where there is no clear connection between the sales, a trial court could reasonably conclude that such a person is ineligible for accelerated rehabilitation. Likewise, a court could reasonably conclude that the person who commits three separate burglaries of separate residences which coincidentally occur on the same date, is ineligible for accelerated rehabilitation.

There is error, the judgment dismissing the information is set aside and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.