[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pending before the court is defendant Greg D.'s application for youthful offender status. The defendant is accused of multiple criminal offenses as alleged in four separate informations. CT Page 11756
On September 22, 1997, the defendant filed a memorandum in support of his application for youthful offender status. The defendant claims that he meets the statutory requirements of General Statutes §§ 54-76b and 54-76d and requests that the court exercise its discretion to grant his application.
General Statutes § 54-76d (b) provides in pertinent part that
 the court, in its discretion based on the severity of the crime, which shall also take into consideration whether or not the defendant took advantage of the victim because of the victim's advanced age or physical incapacity, and the results of the examinations, investigation and questioning, shall determine whether such defendant is eligible to be adjudged a youthful offender.
(Emphasis added.)
"`[Y]outhful offender' means a youth who is charged with the commission of a crime which is not a class A felony . . . ." (Emphasis added.) General Statutes § 54-76b. In the present case, the state questions whether the defendant is eligible for youthful offender status because he is charged with the commission of multiple crimes stemming from different dates. The defendant claims that although he may be charged with several crimes, he is clearly being charged with a crime. The court must therefore determine what is meant by the statutory language "a crime" under General Statutes § 54-76b.
In analyzing General Statutes § 54-76b, the court's "fundamental objective is to ascertain and give effect to the apparent intent of the legislature." (Internal quotation marks omitted.) State v. Burns, 236 Conn. 18, 22, 670 A.2d 851 (1996). The youthful offender statutes do not define the phrase "a crime." Moreover, no case law exists interpreting that phrase in the context of the youthful offender statutes.
"When a statute does not define a phrase, [the court looks] elsewhere for the peculiar and appropriate meaning of the phrase. [The court] may look to the meaning given the phrase in unrelated statutes and consider that where the legislature uses the same phrase it intends the same meaning." State v. Vega,44 Conn. App. 499, 503, 691 A.2d 22, cert. denied, CT Page 11757240 Conn. 930, (1997). See also Link v. Shelton,186 Conn. 623, 627, 443 A.2d 902 (1982).
According to the Appellate Court, the phrase "a crime," in the context of the accelerated rehabilitation statute, means "a single criminal act or transaction, out of which one or more criminal charges might arise." State v. Tyler, 6 Conn. App. 505,510, 506 A.2d 562 (1986). See also State v. Angelo,25 Conn. App. 235, 241, 594 A.2d 24, cert. denied, 220 Conn. 911,597 A.2d 335 (1991).
The Appellate Court deemed the single transaction test appropriate for the phrase "a crime" under the accelerated rehabilitation statute because it provided a flexible criterion consistent with the discretionary nature of the accelerated rehabilitation statute. See State v. Tyler, supra,6 Conn. App. 509-10. The single transaction test is likewise appropriate for the phrase "a crime" under the youthful offender statute because it provides a flexible criterion consistent with the discretionary nature of the youthful offender statute.
Moreover, the amendatory history of General Statutes §54-76b is consistent with the single transaction test. Section54-76b formerly defined youthful offender in pertinent part as "a youth who has committed a crime or crimes . . . ." (Emphasis added.) General Statutes (Rev. to 1989) § 54-76b. The legislature subsequently amended § 54-76b by defining a youthful offender in pertinent part as "a youth who is charged with the commission of a crime . . . ." (Emphasis added.) See Public Act 89-383, § 15. It is appropriate to conclude in accordance with rules of statutory construction that if the legislature had intended to include multiple criminal acts or transactions under the definition of youthful offender, it would not have deleted the language "or crimes."[1],[2]
The court therefore finds that the phrase "a crime" under General Statutes § 54-76b, the youthful offender statute, means a single criminal act or transaction, out of which one or more criminal charges might arise.
Under the single criminal act or transaction test, "[t]he question of whether multiple charges describe `a crime' should begin with an analysis of the facts and circumstances underlying the charging documents." State v. Tyler, supra, 6 Conn. App. 510. "A single, transaction is a series of events with a temporal CT Page 11758 continuity or clear connection." (Internal quotation marks omitted.) In re Michael B., 36 Conn. App. 364, 380, 650 A.2d 1251
(1994).
In the present case, the defendant is charged with multiple crimes under four informations. First, under Docket No. 0092827-S, the state alleges that on or about May 31, 1997, the defendant committed the following offenses in regard to a stolen motor vehicle complaint from 15 Front Street in the town of Winchester: two counts of conspiracy to commit larceny in the third degree in violation of General Statutes §§ 53a-48 and53a-124; two counts of use of a motor vehicle without the owner's permission in violation of General Statutes § 53a-119b (a); and one count of criminal mischief in the second degree in violation of General Statutes § 53a-116.
Second, under Docket No. 0092875-S, the state alleges that on or about July 23, 1997, the defendant committed the following offenses in regard to a burglary complaint at 145 Moore Avenue in the town of Winchester: burglary in the third degree in violation of General Statutes § 53a-103; and larceny in the fourth degree in violation of General Statutes § 53a-125.
Third, under Docket No. 0092876-S, the state alleges that on or about July 23, 1997, the defendant committed the following offenses in regard to a burglary complaint at 405 North Main Street in the town of Winchester: burglary in the third degree in violation of General Statutes § 53a-103; and larceny in the sixth degree in violation of General Statutes § 53a-125b.
Fourth, under Docket No. 0093016-S, the state alleges that on or about July 17, 1997, the defendant committed the following offenses in regard to a burglary complaint at 346 Walnut Street in the town of Winchester: burglary in the third degree in violation of General Statutes § 53a-103; larceny in the fourth degree in violation of General Statutes § 53a-125; and criminal mischief in the third degree in violation of General Statutes § 53a-117.
Because the facts and circumstances underlying the charging documents show "no temporal continuity or clear connection" between the above four incidents, they constitute more than one single criminal act or transaction.[3] Therefore, the defendant in the present case, who is charged with more than "a crime" is ineligible for youthful offender status. CT Page 11759
Accordingly, the defendant's application for youthful offender status is denied.
BY THE COURT
PETER EMMETT WIESE, JUDGE, SUPERIOR COURT