# ACHILLION PHARMACEUTICALS, INC. *v.* PAMELA LAW, COMMISSIONER OF REVENUE SERVICES
## (SC 18175)

Norcott, Palmer, Vertefeuille, Schaller and Sullivan, Js.

Argued November 20, 2008—officially released May 19, 2009

*Charles H. Lenore*, with whom was *Daniel L. Gott-fried*, for the appellant (plaintiff).

*Philip Miller*, assistant attorney general, with whom were *Louis P. Bucari, Jr.*, and, on the brief, *Richard Blumenthal*, attorney general, and *Susan Quinn Cobb*, assistant attorney general, for the appellee (defendant).

*Opinion*

VERTEFEUILLE, J. In this tax appeal, we consider whether the trial court properly interpreted and applied the terms and provisions of General Statutes §§ 12-217ee[1] and 12-217n,[2] which concern business tax credits

---

[1] General Statutes § 12-217ee (a) provides in relevant part: "Any taxpayer that (1) is a qualified small business, (2) qualifies for a credit under section 12-217j or section 12-217n, and (3) cannot take such credit in the taxable year in which the credit could otherwise be taken as a result of having no tax liability under this chapter may elect to carry such credit forward under this chapter or may apply to the commissioner [of revenue services] as provided in subsection (b) of this section to exchange such credit with the state for a credit refund equal to sixty-five per cent of the value of the credit. . . ."

[2] General Statutes § 12-217n provides in relevant part: "(a) There shall be allowed as a credit against the tax imposed by this chapter the amount determined under subsection (c) of this section in respect of the research and development expenses paid or incurred during any income year, subject to the limitations of this section. . . .

for certain research and development expenses. The plaintiff, Achillion Pharmaceuticals, Inc., appealed to the Superior Court, pursuant to General Statutes § 12-237,[3] from the decision of the defendant, Pamela Law, the commissioner of revenue services, denying the

"(c) (1) The amount allowed as a credit in any income year shall be the tentative credit calculated under subdivision (2) of this subsection . . . if applicable, except that in the case of a qualified small business the tentative credit allowed for research and development expenses shall be equal to six per cent of such expenses . . . .

"(d) . . . (2) No more than one-third of the amount of the credit allowable for any income year may be included in the calculation of the amount of the credit that may be taken in that income year. . . .

"(4) Credits that are allowed under this section but that exceed the amount permitted to be taken in an income year by reason of subdivision (1), (2) or (3) of this subsection, shall be carried forward to each of the successive income years until such credits, or applicable portion thereof, are fully taken. No credit permitted under this section shall be taken in any income year until the full amount of all allowable credits carried forward to such year from any prior income year, commencing with the earliest such prior year, that otherwise may be taken under subdivision (2) of this subsection in that income year, have been fully taken. . . ."

We note that § 12-217n has been amended since the plaintiff filed its request for a tax credit. See Public Acts 2006, No. 06-159, § 8. That amendment, however, affected only subsections (e) and (f), which are not relevant to this appeal. References in this opinion to § 12-217n are to the current revision, unless otherwise noted.

[3] General Statutes § 12-237 provides in relevant part: "Any taxpayer aggrieved because of any order, decision, determination or disallowance of the Commissioner of Revenue Services under the provisions of this part may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance, take an appeal therefrom to the superior court for the judicial district of New Britain, which shall be accompanied by a citation to the Commissioner of Revenue Services to appear before said court. . . . Said court may grant such relief as may be equitable and, if such tax has been paid prior to the granting of such relief, may order the Treasurer to pay the amount of such relief, with interest at the rate of eight per cent per annum, to the aggrieved taxpayer. If the appeal has been taken without probable cause, the court may tax double or triple costs, as the case demands; and, upon all such appeals which may be denied, costs may be taxed against the appellant at the discretion of the court, but no costs shall be taxed against the state."

A tax appeal pursuant to § 12-237 entitles a taxpayer to a trial de novo. See *Federal Deposit Ins. Corp.* v. *Crystal*, 251 Conn. 748, 759, 741 A.2d 956 (1999); *Kelly-Springfield Tire Co.* v. *Bajorski*, 228 Conn. 137, 141, 635 A.2d

plaintiff's request to exchange its research and development tax credit carried forward from income year 2003 for a credit refund in income year 2004 pursuant to §§ 12-217ee and 12-217n. The plaintiff now appeals[4] from the judgment of the trial court rendered in favor of the defendant, dismissing the plaintiff's appeal after concluding that the plaintiff had failed to comply with the relevant terms of § 12-217n by prematurely attempting to exchange its research and development tax credit from income year 2003. We affirm the judgment of the trial court, but on the alternate ground[5] that § 12-217ee authorizes the exchange of an unused research and development tax credit for a credit refund only in the income year in which the taxpayer qualifies for the credit.[6]

771 (1993); *Texaco Refining & Marketing Co.* v. *Commissioner of Revenue Services*, 202 Conn. 583, 588, 522 A.2d 771 (1987); *Schlumberger Technology Corp.* v. *Dubno*, 202 Conn. 412, 421, 521 A.2d 569 (1987).

[4] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[5] The defendant briefed this claim as an alternate ground for affirming the judgment of the trial court. Although the defendant did not file a preliminary statement of the issues identifying this issue as an alternate ground of affirmance pursuant to Practice Book § 63-4 (a) (1), we are not precluded from reaching and deciding this issue because of our plenary scope of review of the trial court's statutory interpretation of § 12-217ee. See, e.g., *ATC Partnership* v. *Windham*, 251 Conn. 597, 610 n.11, 741 A.2d 305 (1999) ("[b]ecause our review of the legal questions presented . . . is plenary . . . the trial court's reliance on [a] concept properly is before this court regardless of the defendants' failure to file a preliminary statement of issues" [citation omitted]), cert. denied, 530 U.S. 1214, 120 S. Ct. 2217, 147 L. Ed. 2d 249 (2000). We also note that it is proper to decide an appeal on an alternate ground for affirmance. See, e.g., *Connecticut Ins. Guaranty Assn.* v. *Fontaine*, 278 Conn. 779, 781, 900 A.2d 18 (2006) (appeal decided on alternate ground for affirmance).

[6] Because we agree with the defendant's alternate ground for affirmance, we do not reach either of the plaintiff's two claims on appeal. The plaintiff first contends that the trial court improperly determined that the plaintiff had contravened the restrictions contained in § 12-217n by seeking to exchange its unused research and development carry forward tax credit from income year 2003 in income year 2004 without first exhausting the outstanding balances of the same tax credits that it had earned in income

The record reveals the following stipulated facts and relevant procedural history. The plaintiff, a Delaware corporation with its principal place of business in New Haven, is a qualified small business for the purposes of § 12-217ee. See General Statutes § 12-217n (b) (4). Section 12-217ee permits a qualified small business to exchange for a credit refund the research and development credit that it was allowed in a particular income year, but was unable to take in that year because it had no tax liability. General Statutes § 12-217ee (a). For its income year 2003, the plaintiff had incurred substantial expenses for research and development and claimed a tax credit for those expenses in excess of $600,000. The plaintiff sought and received, pursuant to § 12-217ee (a), a credit refund equal to one third of that credit and, pursuant to § 12-217n (d) (4), carried forward the remaining two thirds of the allowable 2003 research and development credit.

In income year 2004, the plaintiff again incurred substantial expenses for research and development and claimed a tax credit for those expenses. Once again, it sought and received a credit refund equal to one third of the 2004 credit. Additionally, however, the plaintiff also sought to exchange for a credit refund the carried forward balance of its 2003 research and development tax credit. The defendant denied the plaintiff's request.[7] The plaintiff then timely appealed from the defendant's

years 2001 and 2002. Second, the plaintiff claims that the trial court improperly failed to consider "all factors relevant to the determination of the tax liability in question," as required under *Federal Deposit Ins. Corp.* v. *Crystal*, 251 Conn. 748, 763, 741 A.2d 956 (1999), in its denial of the plaintiff's motion for reargument. Specifically, the plaintiff asserts that the trial court should have considered whether, in income year 2004, the plaintiff had any research and development carry forward tax credits available to support its election to exchange its 2004 tax credit for a refund.

[7] The defendant consistently has interpreted § 12-217ee as not permitting a taxpayer to exchange for a credit refund any tax credits carried forward from previous income years, and has a history of denying taxpayers' requests for such an exchange.

denial to the Superior Court pursuant to § 12-237. See footnote 3 of this opinion.

In that appeal, the trial court disagreed with the defendant's interpretation of § 12-217ee, and concluded that the statute does permit qualified taxpayers to exchange for a credit refund their research and development tax credits carried forward from previous income years. The court nevertheless rendered judgment for the defendant because it concluded that the plaintiff had failed to comply with the ordering rule found in § 12-217n (d) (2) and (4). The trial court determined that this ordering rule requires taxpayers to exchange tax credits "according to their expiration dates . . . ." Thus, the court concluded that "the plaintiff, having outstanding . . . research and development tax credits earned in the income years of 2001 and 2002, is not entitled to the payment of the . . . research and development tax credits earned in the subsequent income tax year of 2003 without first using up prior . . . research and development tax credits." The trial court therefore concluded that the plaintiff's attempt to exchange its research and development tax credit from income year 2003 was premature and in violation of the ordering rule. This appeal followed. See footnote 6 of this opinion.

On appeal, the defendant contends, as an alternate ground for affirming the judgment of the trial court, that § 12-217ee authorizes the exchange of an unused research and development tax credit for a credit refund only in the income year in which the taxpayer qualifies for the credit. More specifically, the defendant claims that the language of § 12-217ee clearly and unambiguously limits the exchange of unused research and development tax credits for a refund to credits that are earned in the current income year. Put another way, the defendant contends that § 12-217ee does not authorize the exchange of tax credits carried forward from

previous income years for a refund in subsequent years. We agree with the defendant and, accordingly, we affirm the judgment of the trial court, albeit on this alternate ground. See footnote 5 of this opinion.

We begin by setting forth the appropriate standard of review. The resolution of this appeal requires us to interpret § 12-217ee. "Well settled principles of statutory interpretation govern our review." *Viera* v. *Cohen*, 283 Conn. 412, 420–21, 927 A.2d 843 (2007). "Because statutory interpretation is a question of law, our review is de novo." *Andover Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 396, 655 A.2d 759 (1995); see also *State* v. *Arthur H.*, 288 Conn. 582, 590, 953 A.2d 630 (2008) ("[a]s with any question of statutory construction, our review of this threshold question as to the requirements of the statute is plenary").

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation. . . . *State* v. *Marsh & McLennan Cos.*, 286 Conn. 454, 464–65, 944 A.2d 315 (2008)." (Internal

quotation marks omitted.) *Weems* v. *Citigroup, Inc.,* 289 Conn. 769, 779, 961 A.2d 349 (2008).[8]

Before we begin our statutory analysis, a brief explanation of the history of research and development tax credits in Connecticut is warranted. In 1993, the legislature established a tax credit for certain research and development expenses that allowed businesses to claim a tax credit equal to a percentage of their research and development expenses paid or incurred during an income year. See Public Acts 1993, No. 93-433, § 1; General Statutes § 12-217n. In 1998,[9] the legislature expanded the terms of § 12-217n so that qualified small businesses[10] could avail themselves of this tax credit. See Public Acts 1998, No. 98-110, § 23. Under the amended statute, a qualified small business may claim a tentative tax credit equal to 6 percent of the total amount of its research and development expenses for an income year. General Statutes § 12-217n (c) (1). Addi-

---

[8] The defendant directs us to three legal presumptions that this court has employed in order to ascertain the intent of the legislature with regard to statutes that provide for tax exemptions or credits. See *Oxford Tire Supply, Inc.* v. *Commissioner of Revenue Services,* 253 Conn. 683, 690, 755 A.2d 850 (2000) ("[T]o ascertain the intention of the legislature with respect to a tax exemption, we employ three overlapping presumptions. First, statutes that provide exemptions from taxation are a matter of legislative grace that must be strictly construed against the taxpayer. Second, any ambiguity in the statutory formulation of an exemption must be resolved against the taxpayer. Third, the taxpayer must bear the burden of proving the error in an adverse assessment concerning an exemption." [Internal quotation marks omitted.]). We emphasize that these presumptions are rules of construction and, accordingly, are to be used only after we have determined that a statute is ambiguous pursuant to § 1-2z. If we determine that no such ambiguity exists, these presumptions are inapplicable.

[9] Although this amendment was enacted in 1998, it was applicable only to income years commencing on or after January 1, 2000. See Public Acts 1998, No. 98-110, §§ 22 and 23.

[10] For the purposes of this section, a " '[q]ualified small business' " is "a company that (A) has gross income for the previous income year that does not exceed one hundred million dollars, and (B) has not, in the determination of the [defendant], met the gross income test through transactions with a related person . . . ." General Statutes § 12-217n (b) (4).

tionally, no more than one third of the credit may actually be taken as a tax credit in an income year. General Statutes § 12-217n (d) (2). The remaining two thirds of the credit is carried forward to subsequent income years. General Statutes § 12-217n (d) (4).

In 1999, the legislature enacted § 12-217ee which, for the first time, gave qualified small business taxpayers with no tax liability the option of exchanging their research and development tax credit for a credit refund. See Public Acts 1999, No. 99-173, § 38; General Statutes § 12-217ee (a). Pursuant to this enactment, a qualified small business with no tax liability that had incurred research and development expenses in an income year acquired the option to exchange its research and development tax credit for a credit refund instead of carrying forward the unused tax credit. General Statutes § 12-217ee (a).

In the present case, we must decide whether the refund option adopted in 1999 applies to tax credits carried forward from prior income years or whether, alternatively, the refund is permitted only in the same income year in which the taxpayer qualifies for the credit. We begin our analysis with the text of § 12-217ee (a), which provides in relevant part: "Any taxpayer that (1) is a qualified small business,[11] (2) qualifies for a credit under section 12-217j or section 12-217n, and (3) cannot take such credit in the taxable year in which the credit could otherwise be taken as a result of having no tax liability under this chapter may elect to carry such credit forward under this chapter *or* may apply to the [defendant] as provided in subsection (b) of this section to exchange such credit with the state for a credit refund equal to sixty-five per cent of the value of the credit. . . ." (Emphasis added.) Section 12-217ee

[11] Neither party disputes that the plaintiff is a qualified small business that qualifies for a credit under § 12-217n.

(a) clearly provides a qualified small business taxpayer with a choice of one of two options regarding its unused research and development tax credits: the taxpayer may "elect to carry such credit forward" *or* it "may apply to the [defendant] . . . to exchange such credit . . . for a credit refund . . . ." Nothing in the text of the statute suggests in any way that these two conceptually distinct options may be combined, that is, that the taxpayer may carry the credit forward *and* apply to exchange the carried forward credit for a refund. "[The legislature's] use of the disjunctive 'or' between subparts of a statute indicates that the legislature intended its parts to be read separately, in the disjunctive. *Gaynor* v. *Union Trust Co.*, 216 Conn. 458, 467, 582 A.2d 190 (1990)." (Internal quotation marks omitted.) *Earl B.* v. *Commissioner of Children & Families*, 288 Conn. 163, 178, 952 A.2d 32 (2008); see also *Sestito* v. *Groton*, 178 Conn. 520, 525, 423 A.2d 165 (1979) ("[t]he use of the disjunctive 'or' in the statute clearly indicates that the legislature intended the parts of the statute to be separate and not cumulative").

Additional language in § 12-217ee (a) also suggests that carried forward credits cannot be exchanged for a refund, providing in relevant part that a qualified small business taxpayer "may apply to the [defendant] . . . for *a* credit refund . . . ." (Emphasis added.) The use of the article "a" has significance. See *State* v. *Tyler*, 6 Conn. App. 505, 510, 506 A.2d 562 (1986) (legislature's use of article "a" in phrase " 'a crime' " makes phrase singular pertaining to only single criminal act or transaction); see also *State* v. *Rios*, 110 Conn. App. 442, 450–51, 954 A.2d 901 (2008) (same). By its reference to a single credit, and not a plurality of credits, it is clear that the legislature intended the refund provision to apply only to taxpayers who presently qualify for a tax credit in a single—that is, not more than one—income year. We therefore understand this to be indicative of the legisla-

ture's intention that under § 12-217ee, a taxpayer may only exchange a tax credit in the single income year in which the credit was earned.

The text of § 12-217ee (b), concerning the procedure for obtaining a refund in exchange for the credit, lends further support for the defendant's interpretation of the statute, and provides in relevant part: "An application for refund of such credit amount shall be made to the [defendant], *at the same time such taxpayer files its return for the income year . . . . No application for refund of such credit amount may be made after the due date or extended due date, as the case may be, of such return.*" (Emphasis added.) Pursuant to this language, the exchange of the research and development tax credit is directly tied to the due date of the tax return for the *same* income year in which the credit was earned under the statute. The text clearly prohibits refunds after the due date of the tax return for the income year in which the credit is earned, thus strongly suggesting that the refund can only be sought once, namely, in the year in which the credit is earned.

It is important to note that the legislature enacted § 12-217ee six years after it had established research and development tax credits in § 12-217n, including the provisions of subsection (d) of subdivision (4) of § 12-217n, which provide for the carry forward of unused tax credits. "[T]he legislature is presumed to be aware and to have knowledge of all existing statutes and the effect which its own action or nonaction may have on them." *Miller* v. *Eighth Utilities District*, 179 Conn. 589, 594, 427 A.2d 425 (1980); see also *Mack* v. *Saars*, 150 Conn. 290, 298, 188 A.2d 863 (1963) ("[i]t is a well recognized rule of statutory construction that the legislature is presumed to know all the existing statutes, the judicial interpretation of them, and the effect that its action or nonaction will have on them"). Despite its awareness of these carry forward provisions, the

legislature failed to provide in § 12-217ee that carried forward credits were also eligible for a credit refund. If the legislature had intended to draft a statute that authorized the exchange of carry forward tax credits for refunds, it could have easily and explicitly said so. See, e.g., *Genesky* v. *East Lyme*, 275 Conn. 246, 258, 881 A.2d 114 (2005) ("if the legislature wants to [engage in a certain action] it knows how to do so"); *Carmel Hollow Associates Ltd. Partnership* v. *Bethlehem*, 269 Conn. 120, 135, 848 A.2d 451 (2004) (same); *State* v. *Higgins*, 265 Conn. 35, 46, 826 A.2d 1126 (2003) (same); *State* v. *Sostre*, 261 Conn. 111, 135–36, 802 A.2d 754 (2002) (same); *State* v. *Rivera*, 250 Conn. 188, 199, 736 A.2d 790 (1999) (same). Moreover, "[t]he intention of the legislature is found not in what it meant to say, but in the meaning of what it did say." *Colli* v. *Real Estate Commission*, 169 Conn. 445, 452, 364 A.2d 167 (1975), citing *Schwab* v. *Zoning Board of Appeals*, 154 Conn. 479, 482, 226 A.2d 506 (1967). Section 12-217ee (a) provides only for the exchange for refund of a tax credit for which a small business taxpayer qualifies in a given income year; it does not provide for the exchange for refund of carried forward tax credits.

On the basis of the text of § 12-217ee, we conclude that a qualified small business taxpayer may exchange a research and development tax credit for a credit refund only during the income year in which the small business taxpayer qualifies for and earns that credit. Accordingly, we affirm the judgment of the trial court on the alternate ground that tax credits carried forward from prior income years do not qualify for a credit refund under § 12-217ee.

The judgment is affirmed.

In this opinion the other justices concurred.